IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEPHEN T. RICHARDS,

    Plaintiff,

vs.                                                                             Civ. No. 00-951 WWD/LFG

ALLIANZ LIFE INSURANCE COMPANY OF
NORTH AMERICA,

    Defendant.

MEMORANDUM OPINION AND ORDER

    This matter comes before the Court upon Plaintiff's Motion for Remand filed July 18, 2000.  Defendant Allianz Insurance Company (Allianz) filed an arbitration claim with the American Arbitration Association.  Allianz characterized the "Nature of the Action" as involving a

> "dispute about alleged commissions on internally replaced life insurance policies that Respondent [Plaintiff; hereinafter, "Richards"] claims he is due, even though he was totally disabled when those policies were replaced.  Thus he could not and did not perform any of the services which would justify the payment of any type of commission under his agent or general agent contract."

In sixty numbered paragraphs Allianz details why they do not owe Richards anything.  There is no mention in the arbitration claim of an amount of money in connection with the "dispute about alleged commissions."

    Instead of responding to the arbitration claim, Richards filed an Application to Stay Arbitration and Request for Temporary Restraining Order in the Third Judicial District of the State of New Mexico.  No monetary amount is mentioned in the aforementioned Application.  Richards obtained an *ex parte* temporary restraining order to stay the arbitration.  Allianz then

-1-

removed the state court action to this court as a "diversity" case, citing the provisions of 28 U.S.C. §§1332, 1441, and 1446.

In its Notice of Removal, Allianz supported its assertion of the amount in controversy, which has to exceed $75,000, by an affidavit from its counsel which had attached to it as an exhibit a letter from Richards' counsel to the Assistant Superintendent of Insurance for the State of New Mexico. The letter refers to a "Settlement Conference" between Richards and Allianz in the office of Richards' counsel on April 18, 2000. Richards' counsel supplied to the superintendent of insurance an "analysis" of commissions and renewal commissions which were not paid to Richards. The sum of all these computations was $6, 801,947.10.

The question presented here is whether, under the facts above, the amount in controversy can be said to be in excess of $75,000.00. Other than Allianz' counsel's assertion, there is no direct evidence of a specific demand having been made on Allianz by Richards. Allianz' position is that Richards has no enforceable claim. The letter to the Assistant Superintendent of Insurance does not indicate the size of any demand, and to use the letter as a basis for meeting the jurisdictional amount required in a diversity case is stretching the authorities cited by Allianz which involved an amount stated in an arbitration or judgment not simply an analysis sent to a state regulatory agency. The bald assertion in Allianz' response to the motion for remand that Richards had demanded over $6,000,000.00 from Allianz is not sufficient to establish the amount in controversy; particularly, when Allianz makes reference to "years" of an "acrimonious dispute"; presumably, with some sort of paper trail. Allianz argues that Richards <u>will</u> make a formal demand for over $6,000,000.00; or that <u>if</u> Richards had answered the arbitration claim, the jurisdictional amount would have been determinable in such a way as to be supported by the

authorities cited by Allianz.  The choices presented to me are "what might have been" and a letter sent to a regulatory agency which contains an analysis which Allianz would have me view as a claim or demand.   I am not satisfied with the presentation that has been made by Allianz with respect to meeting the jurisdictional amount requirement of 28 U.S.C. §1332(a).

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion for Remand [Docket no. 4] be, and it is hereby, **GRANTED**; and this cause is remanded to the District Court of the Third Judicial District of the State of New Mexico.

_____
UNITED STATES MAGISTRATE JUDGE